No. 22-60596

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA
Plaintiff-Appellee

v.

PATRICK DARNELL DANIELS, JR.
Defendant-Appellant

Appeal from the United States District Court
For the Southern District of Mississippi
Cause No. 1:22-cr-00058-LG-BWR-1

## RECORD EXCERPTS FOR APPELLANT

**Omodare B. Jupiter** (MS Bar #102054)
Federal Public Defender
N. and S. Districts of Mississippi
2510 14th Street, Suite 902
Gulfport, MS 39501
Telephone: 228/865-1202
Fax: 228/867-1907

**John W. Weber, III** (MS Bar #101020)
Assistant Federal Public Defender
John_Weber@fd.org

Attorney for Defendant-Appellant

# TABLE OF CONTENTS

1. Docket Sheet..................................................................................ROA.1-10

2. Notice of Appeal ........................................................................ ROA.141-42

3. Indictment.................................................................................. ROA.149-50

4. Jury Verdict (Redacted) ........................................................................ROA.153

5. Judgment ................................................................................... ROA.133-39

6. Order on Motion to Dismiss.................................................... ROA.55-65

7. Memorandum Opinion and Order Denying Defendant's
   Ore Tenus Motion for Judgment of Acquittal................................... ROA.125-32

8. Certificate of Service

Case: 22-60596    Document: 41    Page: 2    Date Filed: 02/03/2023

1

# U.S. District Court
## Southern District of Mississippi (Southern)
## CRIMINAL DOCKET FOR CASE #: 1:22-cr-00058-LG-BWR-1
## Internal Use Only

Case title: USA v. Daniels

Magistrate judge case number: 1:22-mj-00039-RHWR

Date Filed: 05/17/2022

Date Terminated: 10/20/2022

Assigned to: District Judge Louis
Guirola, Jr
Referred to: Magistrate Judge
Bradley W. Rath

Appeals court case number:
22-60596 Fifth Circuit Court of
Appeals

### Defendant (1)

**Patrick Darnell Daniels, Jr.**
*TERMINATED: 10/20/2022*

represented by **John William Weber - FPD , III**
FEDERAL PUBLIC DEFENDER - Gulfport
2510 14th Street, Suite 902
Gulfport, MS 39501
228/865-1202
Fax: 228/867-1907
Email: john_weber@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leilani Leith Tynes-FPD**
FEDERAL PUBLIC DEFENDER - Gulfport
2510 14th Street, Suite 902
Gulfport, MS 39501
228/865-1202
Fax: 228/867-1907
Email: leilani_tynes@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community
Defender Appointment*

### Pending Counts

### Disposition

| | |
|---|---|
| UNLAWFUL USER OF A CONTROLLED SUBSTANCE IN POSSESSION OF A FIREARM (1) | Defendant was committed to the custody of the Bureau of Prisons for a term of 46 months; three-years supervised release; $2,000.00 fine with interest waived; and $100.00 special assessment. |

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                          **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                **Disposition**

18:922G.F

---

**Interested Party**

**Probation Gulfport**

---

**Interested Party**

**Probation Officer Sandra Doll**
*TERMINATED: 07/26/2022*

---

**Interested Party**

**Probation Officer Chelsea Woullard**

---

**Plaintiff**

USA                           represented by   **Erica L. Rose-Federal Gov**
                                               U. S. ATTORNEY'S OFFICE - Gulfport
                                               1575 20th Avenue
                                               Gulfport, MS 39501
                                               228-563-7257
                                               Fax: 228-563-1571
                                               Email: erica.rose@usdoj.gov
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*
                                               *Designation: Assistant US Attorney*

                                               **Jonathan David Buckner-Federal Gov**

U. S. ATTORNEY'S OFFICE - Gulfport
1575 20th Avenue
Gulfport, MS 39501
228-563-1560
Fax: 228-563-1571
Email: jonathan.buckner@usdoj.gov
*ATTORNEY TO BE NOTICED*

Email All Attorneys

| Date Filed | # | Docket Text |
|---|---|---|
| 04/27/2022 | 1 (p.11) | COMPLAINT as to Patrick Darnell Daniels, Jr (1). (AB) [1:22-mj-00039-RHWR] (Entered: 04/27/2022) |
| 04/27/2022 | 2 (p.503) | *SEALED* Arrest Warrant Issued in case as to Patrick Darnell Daniels, Jr. (AB) [1:22-mj-00039-RHWR] (Entered: 04/27/2022) |
| 04/27/2022 |  | Set Hearing as to Patrick Darnell Daniels, Jr: Initial Appearance set for 4/27/2022 at 9:30 AM in Courtroom 881 (Gulfport) before Magistrate Judge Robert H Walker. (AB) [1:22-mj-00039-RHWR] (Entered: 04/27/2022) |
| 04/27/2022 | 3 (p.14) | Minute Entry for proceedings held before Magistrate Judge Robert H Walker: Initial Appearance as to Patrick Darnell Daniels, Jr held on 4/27/2022. Tape Number: 4/27/2022. (AB) [1:22-mj-00039-RHWR] (Entered: 04/27/2022) |
| 04/27/2022 | 4 (p.504) | *RESTRICTED* CJA 23 Financial Affidavit by Patrick Darnell Daniels, Jr.(AB) [1:22-mj-00039-RHWR] (Entered: 04/27/2022) |
| 04/27/2022 | 5 (p.15) | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Patrick Darnell Daniels, Jr. Leilani Leith Tynes-FPD for Patrick Darnell Daniels, Jr appointed. Signed by Magistrate Judge Robert H Walker on 4/27/2022 (AB) [1:22-mj-00039-RHWR] (Entered: 04/27/2022) |
| 04/27/2022 | 6 (p.16) | BRADY ORDER as to Patrick Darnell Daniels, Jr. Signed by Magistrate Judge Robert H Walker on 4/27/2022 (AB) [1:22-mj-00039-RHWR] (Entered: 04/27/2022) |
| 04/27/2022 | 7 (p.17) | ORDER OF TEMPORARY DETENTION as to Patrick Darnell Daniels, Jr.: Preliminary and Detention Hearings set for 5/2/2022 at 9:30 AM in Courtroom 683 (Gulfport) before Magistrate Judge Robert P. Myers Jr. Signed by Magistrate Judge Robert H Walker on 4/27/2022 (AB) [1:22-mj-00039-RHWR] (Entered: 04/27/2022) |
| 04/29/2022 | 8 (p.18) | NOTICE OF ASSIGNMENT (PROBATION) Officer Sandra Doll as to Patrick Darnell Daniels, Jr. (wld) [1:22-mj-00039-RHWR] (Entered: 04/29/2022) |
| 05/02/2022 | 9 (p.19) | Minute Entry for proceedings held before Magistrate Judge Robert P. Myers, Jr: Preliminary Hearing as to Patrick Darnell Daniels, Jr held on 5/2/2022, Detention Hearing as to Patrick Darnell Daniels, Jr held on 5/2/2022 Tape Number: 5/2/2022. (SR) [1:22-mj-00039-RHWR] (Entered: 05/02/2022) |
| 05/02/2022 | 10 (p.505) | SEALED HEARING EXHIBIT G-1 - GOVERNMENT Pretrial Services Report by USA as to Patrick Darnell Daniels, Jr to 9 (p.19) Preliminary Hearing, Detention. (SR) [1:22-mj-00039-RHWR] (Entered: 05/02/2022) |
| 05/02/2022 | 11 (p.20) | ORDER OF DETENTION as to Patrick Darnell Daniels, Jr. Signed by Magistrate Judge Robert P. Myers, Jr on 5/2/2022 (SR) [1:22-mj-00039-RHWR] (Entered: |

| | | 05/02/2022) |
|---|---|---|
| 05/02/2022 | | (Court only) ***Set Custody Flag as to Patrick Darnell Daniels, Jr. (SR) [1:22-mj-00039-RHWR] (Entered: 05/02/2022) |
| 05/03/2022 | 12 (p.23) | Arrest Warrant Returned Executed on 4/27/22 in case as to Patrick Darnell Daniels, Jr. (PKS) [1:22-mj-00039-RHWR] (Entered: 05/03/2022) |
| 05/17/2022 | 13 (p.149) | Redacted Indictment as to Patrick Darnell Daniels, Jr. (1) count(s) 1. (Attachments: # 1 (p.11) Criminal Cover Sheet, # 2 (p.503) Notice of Maximum Penalty) (wld) (Entered: 05/18/2022) |
| 05/17/2022 | 14 (p.512) | *RESTRICTED* DOCUMENT: Unredacted Indictment as to Patrick Darnell Daniels, Jr (Attachments: # 1 (p.11) Criminal Cover Sheet, # 2 (p.503) Notice of Maximum Penalty)(wld) (Entered: 05/18/2022) |
| 05/17/2022 | | (Court only) ***Set RHWR Flag as to Patrick Darnell Daniels, Jr. (wld) (Entered: 05/18/2022) |
| 05/17/2022 | 15 (p.24) | Praecipe for Summons by USA as to Patrick Darnell Daniels, Jr. (wld) (Entered: 05/18/2022) |
| 05/18/2022 | 16 (p.516) | *SEALED* Summons Issued in case as to Patrick Darnell Daniels, Jr. (wld) (Entered: 05/18/2022) |
| 05/18/2022 | | Set Hearings as to Patrick Darnell Daniels, Jr: Initial Appearance set for 5/24/2022 09:00 AM in Courtroom 881 (Gulfport) before Magistrate Judge Robert P. Myers Jr. (wld) (Entered: 05/18/2022) |
| 05/18/2022 | | NOTICE OF HEARING as to Patrick Darnell Daniels, Jr: Arraignment set for 5/24/2022 09:00 AM in Courtroom 881 (Gulfport) before Magistrate Judge Robert P. Myers Jr. (SR) (Entered: 05/18/2022) |
| 05/23/2022 | 17 (p.25) | NOTICE OF ATTORNEY APPEARANCE: John William Weber - FPD, III appearing for Patrick Darnell Daniels, Jr (Weber - FPD, John) (Entered: 05/23/2022) |
| 05/24/2022 | 18 (p.26) | Minute Entry for proceedings held before Magistrate Judge Robert P. Myers, Jr: Initial Appearance as to Patrick Darnell Daniels, Jr held on 5/24/2022, Arraignment as to Patrick Darnell Daniels Jr. (1) Count 1 held on 5/24/2022 Tape Number: 5/24/2022. (SR) (Entered: 05/24/2022) |
| 05/24/2022 | 19 (p.27) | TRIAL ORDER as to Patrick Darnell Daniels, Jr: Jury Trial set during the three-week criminal calendar commencing on 7/18/2022 09:00 AM in Courtroom 606 (Gulfport) before District Judge Louis Guirola Jr. Pretrial Conference set for 7/5/2022 01:30 PM in Courtroom 606 (Gulfport) before District Judge Louis Guirola Jr. Motion Dispositive Deadline due by 7/1/2022. Motion N-Dispositive Deadline due by 6/24/2022. Instruction/Exhibit/Witness List due by 7/11/2022. Plea Agreement due by 6/28/2022. Signed by Magistrate Judge Robert P. Myers, Jr on 5/24/2022 (SR) (Entered: 05/24/2022) |
| 05/24/2022 | 20 (p.30) | ORDER Regarding Discovery as to Patrick Darnell Daniels, Jr. Signed by Magistrate Judge Robert P. Myers, Jr on 5/24/2022 (SR) (Entered: 05/24/2022) |
| 05/24/2022 | 21 (p.34) | Digital Audio File as to Patrick Darnell Daniels, Jr regarding Initial Appearance, Arraignment, 18 (p.26) held on 5/24/2022 before Magistrate Judge Robert P. Myers, Jr.AUDIO FILE size(2.7 MB) (SR) (Entered: 05/24/2022) |

| 05/25/2022 | 22 (p.35) | Summons Returned Executed on 5/24/22 as to Patrick Darnell Daniels, Jr. (RLW) (Entered: 05/25/2022) |
|---|---|---|
| 06/15/2022 | 23 (p.36) | ORDER SETTING PRETRIAL CONFERENCE as to Patrick Darnell Daniels, Jr. SEE ATTACHED ORDER. Signed by District Judge Louis Guirola, Jr. on 6/15/2022. (VLK) (Entered: 06/15/2022) |
| 06/24/2022 | | REMINDER NOTICE OF PRETRIAL CONFERENCE as to Patrick Darnell Daniels, Jr.: As a reminder to the parties, the Pretrial Conference in this matter is set for July 5, 2022 at 1:30 p.m. before District Judge Louis Guirola Jr. In order to conserve the Court's time and resources, the parties should assert any motions for a continuance prior to the pretrial conference. (VLK) (Entered: 06/24/2022) |
| 06/30/2022 | | Reset Hearing as to Patrick Darnell Daniels, Jr: Due to a scheduling conflict with the Court, the Pretrial Conference is RESET to 7/6/2022 at 01:30 PM in Courtroom 606 (Gulfport) before District Judge Louis Guirola Jr. (VLK) (Entered: 06/30/2022) |
| 07/01/2022 | 24 (p.39) | MOTION to Dismiss by John William Weber - FPD, III as to Patrick Darnell Daniels, Jr (Weber - FPD, John) (Entered: 07/01/2022) |
| 07/01/2022 | 25 (p.41) | MEMORANDUM in Support by Patrick Darnell Daniels, Jr re 24 (p.39) MOTION to Dismiss (Weber - FPD, John) (Entered: 07/01/2022) |
| 07/01/2022 | | TEXT ONLY ORDER SETTING MOTION HEARING AND REQUIRING GOVERNMENT'S EXPEDITED BRIEFING: Defendant's 24 (p.39) MOTION to Dismiss filed by Patrick Darnell Daniels, Jr. is set for hearing on 7/6/2022 at 1:30 p.m. in Courtroom 606 (Gulfport) before District Judge Louis Guirola Jr. It is further ordered that Government's response is due by July 5, 2022. NO FURTHER WRITTEN ORDER WILL ISSUE BY THE COURT. Signed by District Judge Louis Guirola, Jr. on 7/1/2022. (VLK) (Entered: 07/01/2022) |
| 07/05/2022 | 26 (p.45) | NOTICE OF ATTORNEY APPEARANCE Jonathan David Buckner-Federal Gov appearing for USA. (Buckner-Federal Gov, Jonathan) (Entered: 07/05/2022) |
| 07/05/2022 | 27 (p.46) | RESPONSE in Opposition by USA as to Patrick Darnell Daniels, Jr re 24 (p.39) MOTION to Dismiss (Rose-Federal Gov, Erica) (Entered: 07/05/2022) |
| 07/05/2022 | 28 (p.51) | REPLY TO RESPONSE to Motion by Patrick Darnell Daniels, Jr re 24 (p.39) MOTION to Dismiss (Weber - FPD, John) (Entered: 07/05/2022) |
| 07/06/2022 | | Minute Entry for proceedings held before District Judge Louis Guirola, Jr.: Motion Hearing as to Patrick Darnell Daniels, Jr. held on 7/6/2022 regarding 24 (p.39) MOTION to Dismiss filed by Patrick Darnell Daniels, Jr. Court heard oral arguments on defendant's Motion to Dismiss 24 (p.39) . For reasons stated on the record, the motion was denied. A separate order will be entered regarding same. The Court proceeded with the Pretrial Conference. This matter is set for trial to begin on July 25, 2022 at 9:00 a.m. ETT is 3 days. Jury Instructions, Witness Lists and Exhibit Lists are due by July 18, 2022. Defendant remanded to the custody of the U. S. Marshals. APPEARANCES: J. Buckner, AUSA; J. Weber, FPD; J. Patrick and K. Santiago, USMs; and R. Dedeaux, CSO. Court Reporter Teri Norton, Telephone Number: 228-563-1780. (VLK) (Entered: 07/06/2022) |
| 07/07/2022 | | TEXT ONLY AMENDED TRIAL ORDER as to Patrick Darnell Daniels, Jr: This matter is set for Jury Trial to begin on 7/25/2022 with jury selection to begin at 09:00 AM in Courtroom 606 (Gulfport) before District Judge Louis Guirola Jr. Jury Instructions, Exhibit Lists, and Witness Lists are due by 7/18/2022. NO FURTHER |

| | | |
|---|---|---|
| | | WRITTEN ORDER WILL ISSUE BY THE COURT. Signed by District Judge Louis Guirola, Jr. on 7/7/2022. (VLK) (Entered: 07/07/2022) |
| 07/08/2022 | 29 (p.55) | ORDER denying 24 (p.39) Motion to Dismiss as to Patrick Darnell Daniels Jr. (1) Signed by District Judge Louis Guirola, Jr on 07/08/2022 (Guirola, Louis) (Entered: 07/08/2022) |
| 07/13/2022 | 30 (p.66) | MOTION in Limine *Concerning Jury Nullification* by Jonathan David Buckner-Federal Gov as to Patrick Darnell Daniels, Jr (Buckner-Federal Gov, Jonathan) (Entered: 07/13/2022) |
| 07/13/2022 | 31 (p.68) | MEMORANDUM in Support by USA as to Patrick Darnell Daniels, Jr re 30 (p.66) MOTION in Limine *Concerning Jury Nullification* (Buckner-Federal Gov, Jonathan) (Entered: 07/13/2022) |
| 07/15/2022 | 32 (p.71) | ORDER denying 30 (p.66) Motion in Limine as to Patrick Darnell Daniels Jr. (1) Signed by District Judge Louis Guirola, Jr on 07/15/2022 (Guirola, Louis) (Entered: 07/15/2022) |
| 07/21/2022 | 33 (p.73) | MOTION in Limine *Concerning Defendant's Jury Instruction D-1 and Memorandum of Authorities in Support* by Jonathan David Buckner-Federal Gov as to Patrick Darnell Daniels, Jr (Attachments: # 1 (p.11) Exhibit A)(Buckner-Federal Gov, Jonathan) (Entered: 07/21/2022) |
| 07/21/2022 | 34 (p.78) | Second MOTION to Dismiss by John William Weber - FPD, III as to Patrick Darnell Daniels, Jr (Weber - FPD, John) (Entered: 07/21/2022) |
| 07/21/2022 | 35 (p.80) | MEMORANDUM in Support by Patrick Darnell Daniels, Jr re 34 (p.78) Second MOTION to Dismiss (Weber - FPD, John) (Entered: 07/21/2022) |
| 07/22/2022 | | DOCKET ANNOTATION as to #33. U.L.Cr.R.47(B) requires that all supporting exhibits to a document be denominated by an exhibit letter or number and a meaningful description. Attorney is advised to follow this rule in future filings by also including a brief description of the exhibit. (wld) (Entered: 07/22/2022) |
| 07/22/2022 | | TEXT ONLY ORDER REQUIRING GOVERNMENT'S EXPEDITED BRIEFING: It is ordered that the Government's response to Defendant's 34 (p.78) Second Motion to Dismiss is due July 22, 2022. NO FURTHER WRITTEN ORDER WILL ISSUE FROM THE COURT. Signed by District Judge Louis Guirola, Jr on 07/22/2022 (cf) (Entered: 07/22/2022) |
| 07/22/2022 | 36 (p.94) | Response by USA as to Patrick Darnell Daniels, Jr re 34 (p.78) Second MOTION to Dismiss (Buckner-Federal Gov, Jonathan) (Entered: 07/22/2022) |
| 07/22/2022 | 37 (p.100) | REPLY TO RESPONSE to Motion by Patrick Darnell Daniels, Jr re 34 (p.78) Second MOTION to Dismiss (Weber - FPD, John) (Entered: 07/22/2022) |
| 07/25/2022 | 38 (p.102) | ORDER REGARDING JURORS' MEALS as to Patrick Darnell Daniels, Jr. Signed by District Judge Louis Guirola, Jr. on 7/25/2022. (VLK) (Entered: 07/25/2022) |
| 07/25/2022 | | Minute Entry for proceedings held before District Judge Louis Guirola, Jr: Jury Trial as to Patrick Darnell Daniels, Jr. began on 7/25/2022. Jury was selected. Parties gave their opening statements. Court heard oral arguments on the Defendant's Second Motion to Dismiss and same was denied. Government began its case-in-chief and rested. Defendant moved for a Rule 29 Motion for Judgment for Acquittal and same was denied. Defendant renewed his Motion to Dismiss and for reasons stated on the record, Court took the motion under advisement. Defendant rested. Court recessed at |

| | | |
|---|---|---|
| | | 4:50. Jury to return on 7/26/2022. Court Reporter Sherri Penny, Telephone Number: 228-563-1781. (VLK) (Entered: 07/25/2022) |
| 07/25/2022 | | (Court only) ***Procedural Interval P-4 start as to Patrick Darnell Daniels. (VLK) (Entered: 07/26/2022) |
| 07/26/2022 | 39 (p.103) | NOTICE OF ASSIGNMENT (PROBATION) Officer Chelsea Woullard as to Patrick Darnell Daniels, Jr.. Sandra Doll is no longer assigned and should be terminated as an interested party. (PKS) (Entered: 07/26/2022) |
| 07/26/2022 | | Minute Entry for proceedings held before District Judge Louis Guirola, Jr: Jury Trial as to Patrick Darnell Daniels, Jr. held on 7/26/2022. Court held an in-chambers charge conference. Defense submits its alternative instructions for the record. Parties presented their closing arguments. Jury retired to deliberate. Jury returned a verdict of guilty to the single count Indictment. Sentencing set for October 18, 2022 at 1:30 p.m. Defendant remanded to the custody of the U. S. Marshals. Court Reporter Sherri Penny, Telephone Number: 228-563-1781. (VLK) (Entered: 07/26/2022) |
| 07/26/2022 | 40 (p.104) | RELEASE OF EXHIBITS as to Patrick Darnell Daniels, Jr. (VLK) (Entered: 07/26/2022) |
| 07/26/2022 | 41 (p.153) | JURY VERDICT (REDACTED) as to Patrick Darnell Daniels Jr. (1). Guilty on Count 1. (VLK) (Entered: 07/26/2022) |
| 07/26/2022 | 42 (p.517) | *RESTRICTED* JURY VERDICT (UN-REDACTED). (VLK) (Entered: 07/26/2022) |
| 07/26/2022 | 43 (p.105) | GOVERNMENT'S EXHIBIT LIST as to Patrick Darnell Daniels, Jr. (VLK) (Entered: 07/26/2022) |
| 07/26/2022 | 44 (p.518) | *SEALED* WITNESS LIST as to Patrick Darnell Daniels, Jr. (VLK) (Entered: 07/26/2022) |
| 07/28/2022 | 45 (p.108) | Unopposed MOTION for Forfeiture of Property *(for Preliminary Order of Forfeiture)* by Erica L. Rose-Federal Gov as to Patrick Darnell Daniels, Jr (Rose-Federal Gov, Erica) (Entered: 07/28/2022) |
| 08/01/2022 | 46 (p.111) | PRELIMINARY ORDER OF FORFEITURE: ORDER granting 45 (p.108) Unopposed Motion for Preliminary Order of Forfeiture as to Patrick Darnell Daniels Jr. (1). Signed by District Judge Louis Guirola, Jr on 8/1/2022 (VLK) (Entered: 08/01/2022) |
| 08/01/2022 | 47 (p.114) | ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Bradley W. Rath for all further proceedings. Magistrate Judge Robert H Walker no longer assigned to case. Signed by Chief District Judge Daniel P. Jordan, III on 8/1/22. (JCH) (Entered: 08/02/2022) |
| 08/01/2022 | | (Court only) ***Set Magistrate BWR/Cleared RHWR Flags as to Patrick Darnell Daniels, Jr (JCH) (Entered: 08/02/2022) |
| 08/01/2022 | | Parties should include the newly assigned Magistrate Judge's initials BWR on future filings. (JCH) (Entered: 08/02/2022) |
| 08/19/2022 | | Set Hearing as to Patrick Darnell Daniels, Jr: Sentencing set for 10/18/2022 at 01:30 PM in Courtroom 606 (Gulfport) before District Judge Louis Guirola Jr. (VLK) (Entered: 08/19/2022) |

| 08/29/2022 | 48 (p.125) | MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S ORE TENUS MOTION FOR JUDGMENT OF ACQUITTAL as to Patrick Darnell Daniels, Jr. Signed by District Judge Louis Guirola, Jr on 08/29/2022 (Guirola, Louis) (Entered: 08/29/2022) |
|---|---|---|
| 09/07/2022 | | (Court only) ***Motions terminated as to Patrick Darnell Daniels, Jr: 34 (p.78) Second MOTION to Dismiss filed by Patrick Darnell Daniels, Jr.. (cf) (Entered: 09/07/2022) |
| 09/07/2022 | | TEXT ONLY ORDER finding as moot 33 (p.73) Motion in Limine as to Patrick Darnell Daniels Jr. (1). NO FURTHER WRITTEN ORDER WILL ISSUE FROM THE COURT. Signed by District Judge Louis Guirola, Jr on 09/07/2022 (cf) (Entered: 09/07/2022) |
| 10/14/2022 | | REMINDER NOTICE OF SENTENCING as to Patrick Darnell Daniels, Jr.: As a reminder to the parties, the sentencing in this matter is set for Tuesday, October 18, 2022 at 1:30 p.m. in Courtroom 606 (Gulfport) before District Judge Louis Guirola Jr. (VLK) (Entered: 10/14/2022) |
| 10/18/2022 | | Minute Entry for proceedings held before District Judge Louis Guirola, Jr: Sentencing held on 10/18/2022 for Patrick Darnell Daniels, Jr. (1). SENTENCE OF THE COURT AS TO THE SINGLE COUNT INDICTMENT: Defendant was committed to the custody of the Bureau of Prisons for a term of 46 months; three-years supervised release; $2,000.00 fine with interest waived; and $100.00 special assessment. In addition to the standard and mandatory conditions of supervised release, the Court imposed special conditions as stated on the record. Forfeiture was stated on the record. Defendant was remanded to the custody of the U. S. Marshals to await designation by the Bureau of Prisons. APPEARANCES: J. Buckner, and E. Rose, AUSAs; J. Weber and L. Tynes, FPDs; C. Woullard, USPO; I. Jenkins, DUSM; B. Markopoulos, DSO; and R. Dedeaux, CSO. Court Reporter Teri Norton, Telephone Number: 228-563-1780, E-mail: teri_norton@mssd.uscourts.gov. (VLK) (Entered: 10/18/2022) |
| 10/18/2022 | 49 (p.470) | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Patrick Darnell Daniels, Jr. (Attachments: # 1 (p.11) Addendum to the Presentence Report, # 2 (p.503) Defendant's Sentencing Memorandum and Request for Variance with Attached Letters of Support)(VLK) (Entered: 10/18/2022) |
| 10/20/2022 | 50 (p.499) | *RESTRICTED* STATEMENT OF REASONS as to Patrick Darnell Daniels, Jr (VLK) (Entered: 10/20/2022) |
| 10/20/2022 | 51 (p.133) | JUDGMENT as to Patrick Darnell Daniels, Jr. (1), Count(s) 1, Defendant was committed to the custody of the Bureau of Prisons for a term of 46 months; three-years supervised release; $2,000.00 fine with interest waived; and $100.00 special assessment. Signed by District Judge Louis Guirola, Jr on 10/20/22. (JCH) (Entered: 10/20/2022) |
| 10/20/2022 | | (Court only) ***Set CLOSED Flag as to Patrick Darnell Daniels, Jr (JCH) (Entered: 10/20/2022) |
| 10/24/2022 | 52 (p.140) | Digital Audio File as to Patrick Darnell Daniels, Jr regarding Sentencing,,, held on 10/18/2022 before Senior Judge Louis Guirola, Jr..AUDIO FILE size(12.6 MB) (TN) (Entered: 10/24/2022) |
| 11/03/2022 | 53 (p.141) | NOTICE OF APPEAL by Patrick Darnell Daniels, Jr re 51 (p.133) Judgment, (Weber - FPD, John) (Entered: 11/03/2022) |

| 11/04/2022 | 54 (p.143) | Appeal Remark re 53 (p.141) Notice of Appeal - Final Judgment: USCA Letter advising attorney John Weber of Federal Rules of Appellate Procedure. (PKS) (Entered: 11/04/2022) |
| 11/04/2022 | | USCA Case Number as to Patrick Darnell Daniels, Jr 22-60596 for 53 (p.141) Notice of Appeal - Final Judgment filed by Patrick Darnell Daniels, Jr.. (PKS) (Entered: 11/04/2022) |
| 11/07/2022 | 55 (p.147) | TRANSCRIPT REQUEST by Patrick Darnell Daniels, Jr for proceedings held on July 25, 2022 - July 26, 2022 before Judge Louis Guirola, Jr., Court Reporter/Transcriber Sherri Penny, Telephone Number : 228-563-1781, E-mail : sherri_penny@mssd.uscourts.gov. (Weber - FPD, John) (Entered: 11/07/2022) |
| 11/07/2022 | 56 (p.148) | TRANSCRIPT REQUEST by Patrick Darnell Daniels, Jr for proceedings held on July 6, 2022 and October 18, 2022 before Judge Louis Guirola, Jr., Court Reporter/Transcriber Teri Norton, Telephone Number : 228-563-1780, E-mail : teri_norton@mssd.uscourts.gov. (Weber - FPD, John) (Entered: 11/07/2022) |
| 11/21/2022 | 57 (p.154) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT OF MOTION HEARING AND PRETRIAL CONFERENCE filed as to Patrick Darnell Daniels, Jr for dates of 7/6/2022 before Judge Louis Guirola, re 53 (p.141) Notice of Appeal - Final Judgment Court Reporter/Transcriber Teri Norton, Telephone Number : 228-563-1780, E-mail : teri_norton@mssd.uscourts.gov. NOTICE RE : REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no Notice is filed, the transcript will be made electronically available to the public without redaction after 90 calendar days. The policy is located on the court website at www.mssd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/12/2022. Redacted Transcript Deadline set for 12/22/2022. Release of Transcript Restriction set for 2/21/2023. (TN) (Entered: 11/21/2022) |
| 11/21/2022 | 58 (p.294) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of SENTENCING HEARING filed as to Patrick Darnell Daniels, Jr for dates of 10/18/2022 before Judge Louis Guirola, re 53 (p.141) Notice of Appeal - Final Judgment Court Reporter/Transcriber Teri Norton, Telephone Number : 228-563-1780, E-mail : teri_norton@mssd.uscourts.gov. NOTICE RE : REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no Notice is filed, the transcript will be made electronically available to the public without redaction after 90 calendar days. The policy is located on the court website at www.mssd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/12/2022. Redacted Transcript Deadline set for 12/22/2022. Release of Transcript Restriction set for 2/21/2023. (TN) (Entered: 11/21/2022) |
| 12/06/2022 | 59 (p.312) | Sealed Transcript. (SLP) (Entered: 12/06/2022) |
| 12/06/2022 | 60 (p.168) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Trial Proceedings filed as to Patrick Darnell Daniels, Jr for dates of 7/25/22 before Judge Judge Louis Guirola, re 53 (p.141) Notice of Appeal - Final Judgment Court Reporter/Transcriber Sherri Penny, Telephone Number : 228-563-1781, E-mail : |

| | | |
|---|---|---|
| | | sherri_penny@mssd.uscourts.gov. NOTICE RE : REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no Notice is filed, the transcript will be made electronically available to the public without redaction after 90 calendar days. The policy is located on the court website at www.mssd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/27/2022. Redacted Transcript Deadline set for 1/6/2023. Release of Transcript Restriction set for 3/6/2023. (SLP) (Entered: 12/06/2022) |
| 12/06/2022 | 61 (p.257) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Trial Proceedings filed as to Patrick Darnell Daniels, Jr for dates of 7/26/22 before Judge Judge Louis Guirola, re 53 (p.141) Notice of Appeal - Final Judgment Court Reporter/Transcriber Sherri Penny, Telephone Number : 228-563-1781, E-mail : sherri_penny@mssd.uscourts.gov. NOTICE RE : REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no Notice is filed, the transcript will be made electronically available to the public without redaction after 90 calendar days. The policy is located on the court website at www.mssd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/27/2022. Redacted Transcript Deadline set for 1/6/2023. Release of Transcript Restriction set for 3/6/2023. (SLP) (Entered: 12/06/2022) |
| 12/19/2022 | 62 (p.394) | TRIAL EXHIBITS - GOVERNMENT: Government's Exhibit List and Exhibits admitted into evidence during trial as to Patrick Darnell Daniels, Jr. (Attachments: # 1 (p.11) G-1, # 2 (p.503) G-2, # 3 (p.14) G-3, # 4 (p.504) G-4, # 5 (p.15) G-5, # 6 (p.16) G-6, # 7 (p.17) G-7, # 8 (p.18) G-8, # 9 (p.19) G-9, # 10 (p.505) G-10, # 11 (p.20) G-11, # 12 (p.23) G-12, # 13 (p.149) G-13, # 14 (p.512) G-14, # 15 (p.24) G-15, # 16 (p.516) G-16, # 17 (p.25) G-17, # 18 (p.26) G-18, # 19 (p.27) G-19, # 20 (p.30) G-20, # 21 (p.34) G-21, # 22 (p.35) G-22, # 23 (p.36) G-23, # 24 (p.39) G-24, # 25 (p.41) G-24a, # 26 (p.45) G-25, # 27 (p.46) G-25a, # 28 (p.51) G-25b, # 29 (p.55) G-26, # 30 (p.66) G-26a, # 31 (p.68) G-26b, # 32 (p.71) G-27, # 33 (p.73) G-28, # 34 (p.78) G-29)(VLK) (Entered: 12/19/2022) |

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 1:22cr58-LG-BWR-1

PATRICK DARNELL DANIELS, JR.

---

## NOTICE OF APPEAL

---

Notice is hereby given that Patrick Darnell Daniels, Jr., does hereby appeal to the United

States Court of Appeals for the Fifth Circuit the Court's Judgment in a Criminal Case and

Sentencing Order dated the 20th day of October 2022.

Respectfully submitted this the 3rd day of November 2022.

<div align="right">

PATRICK DARNELL DANIELS, JR.,
Defendant

</div>

By:     */s/ John W. Weber*
        John W. Weber III, MB #101020
        Assistant Federal Public Defender
        Southern District of Mississippi
        2510 14th Street, Suite 902
        Gulfport, MS   39501
        Phone: (228) 865-1202
        Fax:    (228) 867-1907
        Email: john_weber@fd.org
        *Attorney for Defendant*

1

Case: 22-60596     Document: 41     Page: 15     Date Filed: 02/03/2023

**CERTIFICATE OF SERVICE**

I, John W. Weber III, do herby certify that I have this day filed a Notice of Appeal with

the Clerk of the Court which sent notification using the ECF system to all parties of record.

**SO CERTIFIED**, this the 3rd day of November 2022.

/s/John W. Weber
Assistant Federal Public Defender

2

3


Case: 22-60596 Document: 41 Page: 18 Date Filed: 02/03/2023

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 17 2022
ARTHUR JOHNSTON
BY ______ DEPUTY

UNITED STATES OF AMERICA

v. CRIMINAL NO. 1:22CR58-LG-RHWR

PATRICK DARNELL DANIELS, JR. 18 U.S.C. § 922(g)(3)

**The Grand Jury charges:**

On or about April 25, 2022, in Hancock County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **PATRICK DARNELL DANIELS, JR.**, knowing he was an unlawful user of a controlled substance, as defined in Title 21, United States Code, Section 802, did knowingly possess a firearm which was in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

**NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offense as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offense, including but not limited to all proceeds obtained directly or indirectly from the offense, and all property used to facilitate the offense.

The grand jury has determined that probable cause exists to believe that the following property is subject to forfeiture as a result of one or more of the offense alleged in this indictment:

**American Tactical Rifle, serial number MS012823,**

**Springfield Armory 9mm pistol, serial number BA488003, and**

**Any and all ammunition**

Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Section 924(d)(1); and Title 28, United States Code, Section 2461(c).

DARREN J. LAMARCA
United States Attorney

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the __17th__ day of May 2022.

UNITED STATES MAGISTRATE JUDGE

4



**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

v.                                        **CAUSE NO. 1:22-cr-58-LG-RHWR-1**

**PATRICK DARNELL DANIELS, JR.**

## SPECIAL VERDICT FORM

### Count 1

1.    We the jury unanimously find the defendant PATRICK DARNELL
      DANIELS, JR.

      ⤫ GUILTY beyond a reasonable doubt         _____ NOT GUILTY

of knowingly possessing a firearm which was in and affecting interstate or foreign
commerce while knowingly being an unlawful user of a controlled substance, as
alleged in count 1.

Presiding Juror

_07_ / _26_ / _2022_
Date

5

AO 245B(Rev. 09/19) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT

Southern District of Mississippi

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| | ) | Case Number: 1:22cr58LG-BWR-001 |
| PATRICK DARNELL DANIELS, JR. | ) | USM Number: 97846-509 |
| | ) | |
| | ) | John William Weber III |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☑ was found guilty on count(s)   Count 1 of the single count Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 922(g)(3) | Unlawful User of a Controlled Substance in Possession of a Firearm | 4/25/2022 | 1 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 18, 2022
Date of Imposition of Judgment

Signature of Judge

The Honorable Louis Guirola Jr.,   U.S. District Judge
Name and Title of Judge

Date 10/20/2022

22-60596.133

AO 245B(Rev. 09/19) Judgment in a Criminal Case

DEFENDANT:  **PATRICK DARNELL DANIELS, JR.**
CASE NUMBER:    1:22cr58LG-BWR-001

Judgment — Page    2    of    7

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

forty-six (46) months as to Count 1 of the single count Indictment.

☑  The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant participate in any substance abuse treatment programs for which he is deemed eligible while in the custody of the Bureau of Prisons and the defendant be designated to a facility that is nearest to his home to facilitate visitation.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐  at _____ ☐ a.m.  ☐ p.m.   on _____ .

   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐  before 2 p.m. on _____ .

   ☐  as notified by the United States Marshal, but no later than 60 days from the date of this judgment.

   ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

22-60596.134

AO 245B(Rev. 09/19) Judgment in a Criminal Case

DEFENDANT:   **PATRICK DARNELL DANIELS, JR.**
CASE NUMBER:   1:22cr58LG-BWR-001

Judgment—Page   3   of   7

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

three (3) years as to Count 1 of the single count Indictment.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you
     pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Case: 22-60596   Document: 41   Page: 25   Date Filed: 02/03/2023

AO 245B(Rev. 09/19) Judgment in a Criminal Case

DEFENDANT: **PATRICK DARNELL DANIELS, JR.**
CASE NUMBER: 1:22cr58LG-BWR-001

| Judgment—Page | 4 | of | 7 |
|---|---|---|---|

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

### U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____          Date _____

AO 245B(Rev. 09/19)  Judgment in a Criminal Case

Judgment—Page   5   of   7

DEFENDANT:  **PATRICK DARNELL DANIELS, JR.**
CASE NUMBER:  1:22cr58LG-BWR-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing and outpatient treatment (and inpatient treatment if approved by the Court during the term of supervised release) for drug abuse, as directed by the probation office. When enrolled in a drug treatment program, either inpatient or outpatient, the defendant shall abstain from consuming alcoholic beverages during treatment and shall continue abstaining for the remaining period of supervised release. The defendant shall contribute to the cost of treatment in accordance with the probation office Copayment Policy.

2. The defendant shall not possess, ingest, or otherwise use a synthetic narcotic or synthetic cannabinoid unless prescribed by a licensed medical practitioner and for a legitimate medical purpose.

3. In the event that the defendant resides in, or visits, a jurisdiction where marijuana or marijuana products have been approved, legalized, or decriminalized, the defendant shall not possess, ingest, or otherwise use marijuana or marijuana products unless prescribed by a licensed medical practitioner and for a legitimate medical purpose.

4. The defendant shall provide the probation office with access to any requested financial information.

5. The defendant shall not incur new credit charges, or open additional lines of credit without the approval of the probation office, unless the defendant is in compliance with the installment payment schedule.

6. The defendant shall submit his person, property, house, residence, vehicle, papers, or electronic communication devices, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of supervised release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search only when reasonable suspicion exists that the defendant has violated a condition of his supervised release, and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

22-60596.137

AO 245B(Rev. 09/19) Judgment in a Criminal Case

DEFENDANT: **PATRICK DARNELL DANIELS, JR.**
CASE NUMBER: 1:22cr58LG-BWR-001

Judgment — Page  6  of  7

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 7.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 2,000.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the   ☑ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(Rev. 09/19) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT:  **PATRICK DARNELL DANIELS, JR.**
CASE NUMBER:  1:22cr58LG-BWR-001

Judgment — Page    7    of    7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑   Lump sum payment of $  2,100.00  due immediately, balance due

     ☐   not later than _____ , or
     ☐   in accordance with   ☐  C,    ☐  D,    ☐  E, or    ☐ F below; or

B   ☑   Payment to begin immediately (may be combined with    ☐ C,    ☑ D, or    ☑ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☑   Payment in equal   monthly   (e.g., weekly, monthly, quarterly) installments of $  100.00   over a period of
     36 months  (e.g., months or years), to commence   30 days   (e.g., 30 or 60 days) after release from imprisonment to a
     term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☑   Special instructions regarding the payment of criminal monetary penalties:
     The payment of the fine shall begin while the defendant is incarcerated. In the event that the fine is not paid in full prior
     to the termination of supervised release, the defendant is ordered to enter into a written agreement with the Financial
     Litigation Program of the U.S. Attorney's Office for payment of the remaining balance. Additionally, the value of any
     future discovered assets may be applied to offset the balance of criminal monetary penalties. The defendant may be
     included in the Treasury Offset Program, allowing qualified federal benefits to be applied to offset the balance of
     criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

Case Number
Defendant and Co-Defendant Names     Total Amount        Joint and Several        Corresponding Payee,
(including defendant number)                                  Amount                   if appropriate

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☑   The defendant shall forfeit the defendant's interest in the following property to the United States:

     as stipulated in the Preliminary Order of Forfeiture filed on August 1, 2022.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                        CAUSE NO. 1:22-cr-58-LG-RHWR-1

PATRICK DARNELL DANIELS, JR.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the [24] Motion to Dismiss filed by Defendant, Patrick Darnell Daniels, Jr. The Government filed a [27] Response, to which Defendant [28] replied. This Defendant is under indictment for knowingly possessing a firearm while an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). Defendant has filed the instant [24] Motion to Dismiss the indictment, arguing that 18 U.S.C. § 922(g)(3), is unconstitutional under the Second Amendment and pursuant to the Supreme Court's recent decision in *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, --- S.Ct. ---, 2022 WL 2251305 (June 23, 2022). The Court has conducted a hearing on the matter and after due consideration of the arguments of counsel, the record, and the applicable law, finds that the Motion should be denied.

DISCUSSION

## I.    Second Amendment Framework

Defendant argues that this case must be dismissed because section 922(g)(3) is unconstitutional under the Second Amendment to the United States Constitution.

Case: 22-60596     Document: 41     Page: 31     Date Filed: 02/03/2023

22-60596.55

Case: 22-60596   Document: 41   Page: 32   Date Filed: 02/03/2023

Therefore, to rule of this Motion, the Court must analyze and apply Second Amendment jurisprudence as articulated by the Supreme Court.

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court concluded, after thorough textual and historical analysis, that the Second Amendment confers "an individual right to keep and bear arms." *Id.* at 595. The Court was quick to note that "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *Id.* at 626. Relevant here, the Court stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id.* In a footnote, the Supreme Court classified these traditional restrictions on firearm possession as a non-exhaustive list of "presumptively lawful regulatory measures." *Id.* at 627 n. 26. The Supreme Court went on to strike down a law in the District of Columbia which "totally bans handgun possession in the home." *Id.* at 628. In doing so, the Supreme Court conducted a historical analysis of handgun restrictions in the United States and found the D.C. restriction to be novel in its severity, targeting "the quintessential self-defense weapon." *Id.* at 629.

In *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, --- S.Ct. ---, 2022 WL 2251305 (June 23, 2022), the Supreme Court again considered the contours of the Second Amendment right to bear arms. The Court characterized its earlier decisions as "recogniz[ing] . . . the right of an ordinary, law-abiding citizen to

22-60596.56

possess a handgun in the home for self-defense." *Id.* at 5. The Court was called

upon to assess the constitutionality of a New York licensing scheme which allowed

authorities to deny concealed-carry permits even where an applicant met certain

threshold criteria. *Id.* at 5-6. In doing so, the Court clarified and explained the

methodology to be used in addressing Second Amendment claims. The Court

rejected "a 'two-step' framework" involving "means-end scrutiny" in use by various

appellate courts and instead clarified that the appropriate methodology centers "on

constitutional text and history." *Id.* at 7-10. Hence, to answer Second Amendment

questions, courts must "assess whether modern firearms regulations are consistent

with the Second Amendment's text and historical understanding." *Id.* at 12. In

other words:

> In keeping with *Heller*, we hold that when the Second Amendment's
> plain text covers an individual's conduct, the Constitution
> presumptively protects that conduct. To justify its regulation, the
> government may not simply posit that the regulation promotes an
> important interest. Rather, the government must demonstrate that
> the regulation is consistent with this Nation's historical tradition of
> firearm regulation. Only if a firearm regulation is consistent with this
> Nation's historical tradition may a court conclude that the individual's
> conduct falls outside the Second Amendment's "unqualified command."

*Id.* (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n. 10 (1961)).

On the second prong of the *Bruen* test, the Court said: "'historical analysis

can be difficult; it sometimes requires resolving threshold questions, and making

nuanced judgments about which evidence to consult and how to interpret it.'" *Id.* at

11 (quoting *McDonald v. City of Chicago*, 561 U.S. 742, 803-04 (2010) (Scalia, J.,

concurring)). This analysis will often require the use of "historical analogies,"

whether because of "unprecedented societal concerns or dramatic technological

3

Case: 22-60596     Document: 41     Page: 34     Date Filed: 02/03/2023

changes." *Bruen*, 2022 WL 2251305, at 12.  Thus, "[w]hen confronting such present-day firearm regulations, this historical inquiry that courts must conduct will often involve reasoning by analogy." *Id.* at 13.  "[E]ven if a modern-day regulation is not a dead ringer for historical precursors, it still may be analogous enough to pass constitutional muster." *Id.*[1]

## II.   Application to Section 922(g)(3)

The Court now applies the Second Amendment framework outlined in *Bruen* to the criminal statute at issue.  Section 922(g)(3) provides that "[i]t shall be unlawful for any person . . . (3) who is an unlawful user of or addicted to any controlled substance . . . [to] possess in or affecting commerce, any firearm or ammunition."  18 U.S.C. § 922(g)(3).

### 1.   Textual Analysis

The Court begins with the textual coverage of the Second Amendment.  On this subject the Supreme Court has read "the Amendment's operative clause," that "'the right of the people to keep and bear Arms shall not be infringed,'" to mean that "'guarantees the individual right to possess and carry weapons in case of confrontation' that does not depend on service in the militia." *Bruen*, 2022 WL

---

[1] The opinion gives an example of analogical reasoning in the case of location-based firearm restrictions.  Because there are historical analogues to modern "laws forbidding the carrying of firearms in sensitive places such as schools and government buildings," *Heller*, 554 U.S. at 626, even though such analogues may have protected relatively few "sensitive places," still, "courts can use analogies to those historical regulations of 'sensitive places' to determine that modern regulations prohibiting the carry of firearms in *new* and analogous sensitive places are constitutionally permissible." *Bruen*, 2022 WL 2251305, at 14.

4

Case: 22-60596   Document: 41   Page: 35   Date Filed: 02/03/2023

2251305, at 9 (quoting *Heller*, 554 U.S. at 592).  Because section 922(g)(3) restricts the "possess[ion]" of "any firearm or ammunition," the Court concludes that section 922(g)(3) regulates conduct which is facially covered by the plain text of the Second Amendment.  *See* 18 U.S.C. § 922(g)(3).

The Court notes for the purpose of comprehensiveness that *Bruen* describes "ordinary, law-abiding, adult citizens" as indisputably "part of 'the people' whom the Second Amendment protects."  *Id.* at 14; *see also id.* at 12 ("The Second Amendment . . . 'surely elevates above all other interests the right of law-abiding, responsible citizens to use arms' for self-defense.") (quoting *Heller*, 554 U.S. at 635).  In fact, the Court specifically limited its decision to "may-issue" licensing regimes; it did not "suggest the unconstitutionality" of the "shall-issue" licensing regimes in use by 43 states, which "are designed to ensure only that those bearing arms in the jurisdiction are, in fact 'law-abiding, responsible citizens.'"  *Bruen*, 2022 WL 2251305, at 18 n. 9.  Because it is concerned with "unlawful" drug users and addicts, there is some doubt that section 922(g)(3) is textually covered by the Second Amendment, insofar as it has been interpreted to guarantee the right to keep and bear arms to ordinary, law-abiding, responsible citizens concerned with self-defense.  *See Roberge v. United States*, No. 1:04CR70, 1:10CV273, 2013 WL 4052926, at *17 (E.D. Tenn. Aug. 12, 2013) ("Persons like Roberge, who unlawfully use controlled substances, are not law abiding, responsible citizens.  Roberge can be lawfully prohibited from possessing firearms while he is engaging in criminal conduct by

22-60596.59

using methamphetamine."); *see also United States v. Campbell*, No. 4:18CR23, 2020 WL 699821, at *4 (E.D. Tenn. Feb. 11, 2020).

### 2.   Historical Analysis

To be certain, the Court will review historical research into statutes in the American legal tradition which are analogous to § 922(g)(3). *Heller* explicitly cautioned readers not to "doubt . . . longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Heller*, 554 U.S. at 626. Such regulatory measures are "presumptively lawful." *See id.* at 627 n. 26. The Supreme Court echoed this in *McDonald v. Chicago*, 561 U.S. 742, 786 (2010) ("We repeat those assurances here," namely, "that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill.'") (quoting *Heller*, 554 U.S. at 626). "In addition, *Heller* demonstrates that a regulation can be deemed 'longstanding' even if it cannot boast a precise founding-era analogue." *Nat'l Rifle Ass'n of Am. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 700 F.3d 185, 196 (5th Cir. 2012) (citing *United States v. Skoien*, 614 F.3d 638, 640 (7th Cir. 2010)).

In a pre-*Heller* case, the Fifth Circuit characterized § 922(g)(3) as a "'limited, narrowly tailored specific exception'" to the Second Amendment right which is "not inconsistent with the right of Americans generally to individually keep and bear their private arms as historically understood in this country." *United States v. Patterson*, 431 F.3d 832, 835-36 (5th Cir. 2005) (quoting *United States v. Emerson*,

6

270 F.3d 203, 261 (5th Cir. 2001)).[2]  The Fifth Circuit tethered its holding to the

high-risk nature of drug abusers—"Congress may prohibit those who pose a risk to

society, like felons, from exercising the right to bear arms," and "unlawful users of

controlled substances pose a risk to society if permitted to bear arms." *Patterson*,

431 F.3d at 835-836.  In an earlier decision, the Fifth Circuit had drawn upon

numerous law review articles and other secondary sources to establish that §

922(g)'s restriction on possession of firearms by felons—another high-risk class—

has a long and established history in English and American common law. *Emerson*,

270 F.3d at 226 n. 21.[3]  The Fifth Circuit reaffirmed this holding in a post-*Heller*

decision in 2013.  *See United States v. May*, 538 F. App'x 465, 466 (5th Cir. 2013)

(citing *Patterson*, 431 F.3d at 836); *see also United States v. Moreno*, 811 F. App'x

219, 223 (5th Cir. 2020) (upholding Sentencing Guideline § 2D1.1(b)(1), which

"increases a base offense level by two levels 'if a dangerous weapon (including a

firearm) was *possessed*' in the course of an offense involving drugs," because "drug

traffickers pose a risk to society that is enhanced by their possession firearms" and

the enhancement "harmonizes with historical traditions regarding the Second

Amendment") (emphasis in original).  District courts in the Fifth Circuit have also

upheld the constitutionality of § 922(g)(3) since *Heller*.[4]

---

[2] *See also United States v. Roach*, 201 F. App'x 969, 974 (5th Cir. 2006) (repeating this holding).

[3] *See also Nat'l Rifle Ass'n*, 700 F.3d at 200-04 (discussing the historical foundations of modern firearm restrictions and noting "revolutionary and founding-era gun regulations . . . that targeted particular groups for public safety reasons").

[4] *See, e.g., Piscitello v. Bragg*, No. EP-08-CA-266-KC, 2009 WL 536898, at *3 (W.D. Tex. Feb. 18, 2009).

Other circuit courts have likewise upheld the constitutionality of § 922(g)(3) under *Heller*'s standards of history and tradition.  For instance, the Eighth Circuit collected various cases which found that § 922(g)(3) fell within *Heller*'s presumptively lawful category of historically attested firearm restrictions.  *See United States v. Seay*, 620 F.3d 919, 924-25 (8th Cir. 2010) (holding that "§ 922(g)(3) has the same historical pedigree as other portions of § 922(g) which are repeatedly upheld by numerous courts since *Heller*"); *see also United States v. Dugan*, 657 F.3d 998, 999 (9th Cir. 2011) (adopting the reasoning of *Seay* and *Yancey*, discussed *infra*, that § 922(g)(3) "embodies a long-standing prohibition of conduct similar to the examples listed in *Heller*"); *United States v. Richard*, 350 F. App'x 252, 260 (10th Cir. 2009) (upholding § 922(g)(3) as one of the "'presumptively lawful regulatory measures'" mentioned in *Heller*).

Perhaps the most robust discussion of the historicity of § 922(g)(3) is contained in *United States v. Yancey*, 621 F.3d 681 (7th Cir. 2010).  In that case, the Seventh Circuit began by noting that "[i]t was not until 1968 that Congress barred the mentally ill from possessing guns, and it was in that same legislation that habitual drug users were prohibited from having guns." *Id.* at 683 (citing Gun Control Act of 1968, Pub. L. 90-618, § 102, 82 Stat. 1213, 1220).  However, Congress's disarmament of drug abusers did not occur in a vacuum; rather, "many states" had theretofore "restricted the right of habitual drug abusers or alcoholics to possess or carry firearms." *Yancey*, 621 F.3d at 684.  "These statutes demonstrate that Congress was not alone in concluding that habitual drug abusers are unfit to

8

Case: 22-60596      Document: 41      Page: 39      Date Filed: 02/03/2023

possess firearms." *Id.* And these prohibitions "are merely the latest incarnation of

the states' unbroken history of regulating the possession and use of firearms dating

back to the time of the amendment's ratification." *Id.*

The Seventh Circuit analogized disarmament of drug abusers to

disarmament of felons, though it noted a debate in legal scholarship as to the extent

to which felons were disarmed in American legal tradition. *Id.* at 684. The Court

cited cases from the nineteenth century upholding statutes which disarmed

"tramps," *see State v. Hogan*, 58 N.E. 572 (Ohio 1900), and "intoxicated persons," *see*

*State v. Shelby*, 2 S.W. 468 (Mo. 1886). The Seventh Circuit ultimately concluded:

"Whatever the pedigree of the rule against even nonviolent felons possessing

weapons . . . most scholars of the Second Amendment agree that the right to bear

arms was tied to the concept of a virtuous citizenry and that, accordingly, the

government could disarm 'unvirtuous citizens.'" *Id.* at 684-85 (citing *United States*

*v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010)).[5] With the historical conclusion

---

[5] *See also Nat'l Rifle Ass'n*, 700 F.3d at 201, where, while summarizing the
historical evidence relating to disarmament of dangerous persons, the Fifth Circuit
said: "[t]hese categorical restrictions may have been animated by a classical
republican notion that only those with adequate civic 'virtue' could claim the right
to arms." *Id.* "Scholars have proposed that at the time of the founding, 'the right to
arms was inextricably and multifariously linked to that of civic virtu[e] (i.e., the
virtuous citizenry),' and that 'one implication of this emphasis on the virtuous
citizen is that the right to arms does not preclude laws disarming the unvirtuous
citizens (i.e., criminals) or those who, like children or the mentally imbalanced, are
deemed incapable of virtue." *Id.* (citing Don B. Kates & Clayton E. Cramer, *Second
Amendment Limitations and Criminological Considerations*, 60 HASTINGS L. J.
1339, 1359 (2009)). This observation comports with the Supreme Court's
statements that the Second Amendment, as a threshold matter, covers only
ordinary and responsible law-abiding citizens.

22-60596.63

that dangerous or unvirtuous citizens could be disarmed, the Seventh Circuit produced sources corroborating Congress's finding that drug abusers are more likely to engage in gun violence and more likely to exhibit a dangerous lack of self-control. *Id.,* the Court found § 922(g)(3) constitutional.

<div align="center">CONCLUSION</div>

The Court finds that the analysis in *Yancey* demonstrates the historical attestation demanded by the *Bruen* framework. The appellate courts observe that "Congress enacted the exclusions in § 922(g) to keep guns out of the hands of presumptively risky people," *Yancey*, 621 F.3d at 683, and enumerated unlawful drug users and addicts amongst other similar classes. The Court need not repeat the Seventh Circuit's historical analysis in *Yancey*; it suffices to show that analogous statutes which purport to disarm persons considered a risk to society— whether felons or alcoholics—were known to the American legal tradition. *See, e.g., United States v. Carter*, 669 F.3d 411, 415 (4th Cir. 2012) ("Placed in the wrong hands, firearms present a grave threat to public safety, and for this reason, the Anglo-American right to bear arms has always recognized and accommodated limitations for persons perceived to be dangerous."). The Court therefore finds that 18 U.S.C. § 922(g)(3) passes constitutional muster under the legal framework articulated in *Heller* and *Bruen*.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [24] Motion to Dismiss filed by Defendant, Patrick Darnell Daniels, Jr. is **DENIED.**

<div align="center">10</div>

**SO ORDERED AND ADJUDGED** this the 8th day of July, 2022.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.

UNITED STATES DISTRICT JUDGE

Case: 22-60596   Document: 41   Page: 41   Date Filed: 02/03/2023

22-60596.65

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                     CAUSE NO. 1:22-cr-58-LG-BWR-1

PATRICK DARNELL DANIELS, JR.

MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

**BEFORE THE COURT** is an *ore tenus* Motion for Judgment of Acquittal

made by Defendant, Patrick Darnell Daniels, Jr., at the trial of this matter.  This

Motion argues that the relevant criminal statute, 18 U.S.C. § 922(g)(3), is

unconstitutionally vague under the Due Process clause.  After due consideration of

the parties' submissions, the record in this matter, and the applicable law, the

Court finds that the Motion should be denied.

BACKGROUND

On May 17, 2022, Defendant was indicted for knowingly possessing a firearm

while an unlawful user of a controlled substance, in violation of 18 U.S.C. §

922(g)(3).  Defendant previously [24] moved to dismiss the indictment on the basis

that this statute violated his Second Amendment right to bear arms.  The Court

[29] denied the Motion in a Memorandum Opinion and Order dated July 8, 2022.

Thereafter, Defendant filed a [34] Second Motion to Dismiss the indictment, this

time attacking the statute as facially vague under the Due Process Clause.

Case: 22-60596     Document: 41     Page: 43     Date Filed: 02/03/2023

22-60596.125

Case: 22-60596   Document: 41   Page: 44   Date Filed: 02/03/2023

A jury trial was conducted in this matter on July 25-26, 2022. At trial, the Court denied the Defendant's Motion to Dismiss [34] on the basis that relevant case law foreclosed facial vagueness challenges unless the Defendant could show that the statute was vague as applied to the particular conduct at issue. However, the Court allowed Defendant to renew his arguments by Motion after the conclusion of the Government's case. At the conclusion of the Government's case the Defendant renewed the vagueness challenge by a Motion for Judgment of Acquittal pursuant to Fed. R. Crim. P. 29. The Court took the Motion under advisement and preserved the issue pending a jury determination of the facts. The jury ultimately returned a verdict of guilty.

## DISCUSSION

### I.     Vagueness Framework

The Court begins with a discussion of the doctrine of vagueness in American constitutional law. "The prohibition of vagueness in criminal statutes 'is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law,' and a statute that flouts it 'violates the first essential of due process.'" *Johnson v. United States*, 576 U.S. 591, 595 (2015) (quoting *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926)). "The due process clause requires that a penal statute define a criminal offense with sufficient definiteness that an ordinary person can understand what conduct is prohibited." *United States v. Daniel*, 813 F.2d 661, 663 (5th Cir. 1987) (citing *Kolender v. Lawson*, 461 U.S. 352 (1983)). "The purpose of the rule is to provide adequate notice to one of ordinary intelligence that

2

22-60596.126

Case: 22-60596     Document: 41     Page: 45     Date Filed: 02/03/2023

certain conduct is proscribed, and to avoid erratic and arbitrary enforcement."
*Daniel*, 813 F.2d at 663 (citing *Colautti v. Franklin*, 439 U.S. 379 (1979)).

There are two species of vagueness challenges—facial challenges and as-
applied challenges.  Ordinarily, if a statute does not implicate First Amendment
rights, a "vagueness claim must be evaluated as the statute is applied to the facts of
th[e] case." *Chapman v. United States*, 500 U.S. 453, 467 (1991) (citing *United
States v. Powell*, 423 U.S. 87, 92 (1975)).  In other words, "vagueness challenges to
statutes which do not involve First Amendment freedoms must be examined in light
of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 554, 550 (1975).
"We consider whether a statute is vague as applied to the particular facts at issue,
for 'a plaintiff who engages in some conduct that is clearly proscribed cannot
complain of the vagueness of the conduct of others.'" *Holder v. Humanitarian Law
Project*, 561 U.S. 1, 18-19 (2010) (quoting *Hoffman Estates v. Flipside, Hoffman
Estates, Inc.*, 455 U.S. 489, 495 (1982)).

The Court does not interpret the Supreme Court's decision in *Johnson v.
United States*, 576 U.S. 591 (2015), as a change to the above-cited rule.  Rather, the
*Johnson* opinion merely "contradict[s] the theory that a vague provision is
constitutional merely because there is some conduct that clearly falls within the
provision's grasp." *Id.* at 602.  However, as the Fifth Circuit has noted, "*Johnson*
does not change the rule that a defendant whose conduct is clearly prohibited
cannot be the one making that challenge." *United States v. Westbrooks*, 858 F.3d
317, 325 (5th Cir. 2017), *rev'd on other grounds,* 138 S.Ct. 1323 (2018).  Thus, while

3

Case: 22-60596      Document: 41      Page: 46      Date Filed: 02/03/2023

*Johnson* may clarify the standard for such vagueness challenges, it does not call into question the above-cited rule.  For instance, in *United States v. Bramer*, the Eighth Circuit held that, under *Johnson*, "Bramer need not prove that § 922(g)(3) is vague in all its applications" to succeed on a facial challenge, but the law "still requires him to show that the statute is vague as applied to his particular conduct" before bringing that facial challenge.  832 F.3d 908, 909 (8th Cir. 2016).  Because "Bramer admitted in his written plea agreement to being an unlawful user of marijuana while in knowing possession of at least three firearms," there was "*no basis in the record* to conclude that the term 'unlawful user' of a controlled substance was unconstitutionally vague as applied to him."  *Id.* (emphasis added).  In *United States v. Hasson*, the Fourth Circuit held after extensive analysis that "*Johnson* and *Dimaya*[1] 'did not alter the general rule that a defendant whose conduct is clearly prohibited by a statute cannot be the one to make a facial vagueness challenge.'"  26 F.4th 610, 620-21 (4th Cir. 2022) (quoting *United States v. Cook*, 970 F.3d 866, 877 (4th Cir. 2020)).  Therefore, because the defendant in that case did "not contest that Section 922(g)(3) clearly applies to his conduct, his attempt to assert a facial vagueness challenge fail[ed]."  *Id.* at 621.  Having established that Defendant must show vagueness as applied to his particular conduct before bringing a facial challenge to the statute, the Court will proceed to the as-applied analysis.

---

[1] *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018).

4

22-60596.128

## II.    Application to Defendant's Conduct

The Indictment charged a violation of 18 U.S.C. § 922(g)(3).  Section 922(g)(3) provides that "[i]t shall be unlawful for any person . . . (3) who is an unlawful user of or addicted to any controlled substance . . . [to] possess in or affecting commerce, any firearm or ammunition."  18 U.S.C. § 922(g)(3).  At the conclusion of the trial the jury returned a verdict of guilty as to the single count in the Indictment.

In his Motion, Defendant questions the clarity of the term "unlawful user," as well as the omission of a "temporal nexus" requirement, in § 922(g)(3).  Such theories are not new, and have been rejected where a Defendant engaged in conduct clearly proscribed by the statute.  *See United States v. Edwards*, 182 F.3d 333, 336-36 (5th Cir. 1999) (rejecting the argument that "the statute does not clearly distinguish between a past unlawful user of a controlled substance and a current unlawful user of a controlled substance" where the defendant was clearly an unlawful user of a controlled substance due to the facts established at trial); *United States v. Patterson*, 431 F.3d 832, 836 (5th Cir. 2005) (rejecting the argument that "the statute is unconstitutional for vagueness because the term 'unlawful user' is undefined" for similar reasons).  However, while the statutory language may be arguably opaque with respect to some theoretical fact patterns not before the Court, it is not so with respect to evidence and testimony established during trial.

The evidence adduced at trial, including both testimonial and photographic evidence, established that Defendant was in possession of two loaded firearms at the same time that he was in possession of smoked marijuana blunts.  The arresting

Case: 22-60596    Document: 41    Page: 48    Date Filed: 02/03/2023

officer testified that he detected the odor of marijuana.  Defendant later admitted to officers that he smoked marijuana approximately fourteen days a month in the years since his graduation from high school.  Thus, there is no vagueness here in the temporality required by the statute.  The facts of concurrence of the possession of both firearms and marijuana places Defendant's conduct clearly within that proscribed by the statute.  The Fifth Circuit, considering an almost identical challenge to § 922(g)(3) under similar facts, opined that, "[b]ecause an ordinary person would understand that May's use of marijuana while in possession of firearms established him as an 'unlawful user' in violation of § 922(g)(3), the statute is not unconstitutionally vague as applied to May." *United States v. May*, 538 F. App'x 465 (5th Cir. 2013) (citing *United States v. Patterson*, 431 F.3d 832, 835–36 (5th Cir. 2005)).

In addition, Defendant's admission to police officers that he used marijuana regularly for fourteen days a month over several years further disambiguates the application of section 922(g)(3) to the Defendant's conduct at issue.  In *United States v. Edwards*, the Fifth Circuit found that the defendant was clearly an unlawful user of a controlled substance where evidence established that he had used it in the years prior to his arrest, including evidence of marijuana at his residence on "the night on which the police recovered the gun forming the basis of [his] conviction." *Edwards*, 182 F.3d at 336.  The defendant in *Edwards* also "admitted in a statement . . . that he used marijuana on a daily basis and had done so for the past two or three years." *Id.*  Hence, the Court found that "[a]n ordinary person would

6

22-60596.130

Case: 22-60596   Document: 41   Page: 49   Date Filed: 02/03/2023

understand that Edwards' actions establish him as 'an unlawful user of a controlled substance' while in possession of a firearm"; therefore, "[t]he application of § 922(g)(3) to the facts of the instant case is clearly constitutional." *Id.* at 335-36.

Finally, the term "unlawful user" is not unconstitutionally vague here for nearly identical reasons. In *United States v. Patterson*, the Fifth Circuit confronted this argument and rejected it for like reasons. 431 F.3d at 836. "As the statute applies to Patterson, it is not vague; an ordinary person would understand that Patterson's actions establish him as an unlawful user. He admitted that he regularly used marijuana and that he would have a difficult time complying with a release condition that required him not to use marijuana, and his urine specimen a week later tested positive for the drug. Section 922(g)(3) is not unconstitutionally vague as applied to Patterson." *Id.*

## CONCLUSION

The facts in support of the Defendant's conviction align with and are indistinguishable from those in *May*, *Edwards*, and *Patterson*. The Court finds that 18 U.S.C. § 922(g)(3) is not vague in application to this Defendant's conduct. As such, Defendant's attempt to bring a facial challenge to § 922(g)(3) is foreclosed. *See Westbrooks*, 858 F.3d at 325 ("*Johnson* does not change the rule that a defendant whose conduct is clearly prohibited cannot be the one making that challenge.").

**IT IS THEREFORE ORDERED AND ADJUDGED** that the *ore tenus* Motion for Judgment of Acquittal made by Defendant, Patrick Darnell Daniels, Jr. is **DENIED.**

22-60596.131

**SO ORDERED AND ADJUDGED** this the 29th day of August, 2022.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

Case: 22-60596   Document: 41   Page: 50   Date Filed: 02/03/2023

22-60596.132

8

**CERTIFICATE OF SERVICE**

I, John W. Weber, certify that on February 3, 2023, a copy of Appellant's Record Excerpts was filed via this Court's electronic case filing system, which in turn forwarded an electronic copy of the document to all counsel of record in this case. Also, a copy of Appellant's Record Excerpts was emailed directly to the government's lead counsel on the appeal of this case – Assistant United States Attorney Erica L. Rose.

*s/ John W. Weber*
**John W. Weber, III**
Assistant Federal Public Defender