

**U.S. Department of Justice**

*United States Attorney*
*Southern District of Mississippi*

| | |
|---|---|
| 1575 Twentieth Avenue | (228) 563-1560 |
| Gulfport, Mississippi 39501 | |

<u>Via Electronic Case Filing</u>    June 6, 2023

Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA  70130

    Re:  *United States v. Daniels,* No. 22-60596
          <u>Oral Argument Panel (Smith, Higginson, Willett)</u>

Dear Mr. Cayce:

    During oral argument yesterday, the Court asked about state laws prohibiting the possession of firearms by unlawful drug users and the undersigned mistakenly included Mississippi among the relevant states. *See* Oral Argument at 27:25.  The correct citation to such state laws is found on page 36 of the Government's brief.

    In response to the Court's inquiry about a Colonial era law prohibiting firearms possession that would correspond to 18 U.S.C. § 922(g)(3), the undersigned referred to the prohibition against the mentally ill as the closest analog, explaining that one who ingests a controlled substance similarly renders himself unsuitable to possess a weapon. The undersigned did not cite a specific statute but relied on the common law view, which the Supreme Court treated as a given in *Heller* when it affirmed that its holding did not "cast doubt on longstanding prohibition[] on the possession of firearms by … the mentally ill." *D.C. v. Heller*, 554 U.S. 570, 626 (2008).  Moreover, Section 922(g)(3) is consistent with the Nation's history and tradition of disarming untrustworthy and potentially dangerous individuals. *See* Gov't Br. at 39-46.

    Another topic of considerable interest at oral argument was how to view the question of identifying historical analogs for the purpose of resolving the Second Amendment question.  As the Government has expressed elsewhere, *Bruen* calls for

Lyle W. Cayce, Clerk
June 6, 2023
Page Two

"a legal inquiry into the meaning of the Second Amendment, not a factual one." Gov't Supp. Br. 4, *United States v. Quiroz*, No. 22-50834 (5th Cir.), Doc. No. 80. *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S.Ct. 2111, 2130 n.6 (2022) ("The job of judges is not to resolve historical questions in the abstract; it is to resolve legal questions presented in particular cases or controversies."). As the Government said in *Quiroz*, "treating *Bruen*'s historical inquiry as a question of fact would produce 'a number of undesirable practical consequences.'" Gov't Supp. Br. 5 (quoting *Animal Sci. Prod., Inc. v. Hebei Welcome Pharm. Co.*, 138 S.Ct. 1865, 1873 (2018) (citation omitted)). *See id.* (raising concern about varying district court readings of the historical record that would be subject to deferential review on appeal). The legal inquiry here can be resolved by this Court without resort to a historian or further development by the district court.

        Respectfully,

        DARREN J. LAMARCA
        *United States Attorney*

        GAINES H. CLEVELAND
        *Assistant U.S. Attorney*

cc:  Leilani Leith Tynes      By: /s/ Jonathan D. Buckner
    Kimberly Golden Gore           JONATHAN D. BUCKNER
    *Counsel for appellant*           *Assistant U.S. Attorney*