# FEDERAL PUBLIC DEFENDER
## NORTHERN AND SOUTHERN DISTRICTS OF MISSISSIPPI

OMODARE B. JUPITER
Federal Public Defender

First Assistant
ABBY BRUMLEY EDWARDS
Senior Litigator
MICHAEL L. SCOTT
Assistant Federal Public Defender
PRINCESS ABBY
Research & Writing Specialists
TOM C. TURNER
KIMBERLY G. GORE
CARMEN G. CASTILLA

200 SOUTH LAMAR STREET ~ SUITE 200-N
JACKSON, MISSISSIPPI 39201
(601) 948-4284 FACSIMILE (601) 948-5510

1200 JEFFERSON AVENUE ~ SUITE 100
OXFORD, MISSISSIPPI 38655
(662) 236-2889 FACSIMILE (662) 234-0428

2510 14th STREET ~ SUITE 902
GULFPORT, MISSISSIPPI 39501
(228) 865-1202 FACSIMILE (228) 867-1907

Oxford
Assistant Federal Public Defenders
GREGORY S. PARK
M. SCOTT DAVIS
MERRILL K. NORDSTROM
Research & Writing Specialist
KIGER L. SIGH

Gulfport
Assistant Federal Public Defenders
ELLEN M. ALLRED
LEILANI L. TYNES
LAUREN R. HILLERY
Research & Writing Specialist
STACY L. FERRARO

June 7, 2023

Lyle W. Cayce, Clerk of the Court
600 S. Maestri Place
New Orleans, LA 70130

Re: *United States v. Daniels*, 22-60596

Dear Mr. Cayce:

This letter is electronically filed with the Court as a response to the Government's Rule 28(j) letter filed June 6, 2023.

The Government's letter is impermissible under Rule 28(j), as explained by this Court. See http://www.ca5.uscourts.gov/docs/default-source/default-document-library/important-note-regarding-frap-283137a70547c26210bd33ff0000240338 (last visited June 7, 2023). The text of that document is quoted below:

### Important Note Regarding FRAP 28(j) Filings

FRAP 28(j) provides that, when a party learns of pertinent and significant authorities after the party's brief has been filed—or after oral argument but before decision—the party may promptly advise the clerk by letter, with a copy to all other parties, setting forth the citations. As this provision is subject to abuse, we remind counsel considering a FRAP 28(j) filing to comply with the requirements of FRAP 28(j) and 5th Cir. R. 28.4, which governs supplemental briefing.

The court has recently rejected 28(j) filings when counsel cited authority that was available when they submitted their brief or made oral argument. The court concluded the matters cited were not significant or pertinent and the inclusion of argument made it appear that counsel filed the 28(j) letters as a vehicle to justify additional argument, rather than inform the court of recently discovered authority. The court warned counsel in one case to avoid such abuse of filings.

Counsel sometimes file a FRAP 28(j) letter after oral argument, ostensibly to provide information requested by the court, but make supplemental argument in the filing. As an initial matter, unless a panel member specifically requests information, counsel should not present additional matters. Naturally, if a panel member requests

record citations or other information, counsel should provide the information in a letter to the clerk, copying the other parties. The letter should clearly state that the information is provided at the request of the panel. However, unless authorized or requested by the panel, it is improper to make supplemental argument in the letter. The court will reject any FRAP 28(j) submission that does not comply with requirements.

                                                Respectfully submitted,

                                                */s/ Kimberly Golden Gore*
                                                Kimberly Golden Gore (MS Bar # 100363)
                                                Research and Writing Specialist