# FEDERAL PUBLIC DEFENDER
### NORTHERN AND SOUTHERN DISTRICTS OF MISSISSIPPI

200 SOUTH LAMAR STREET ~ SUITE 200-N
JACKSON, MISSISSIPPI 39201
(601) 948-4284 FACSIMILE (601) 948-5510

1200 JEFFERSON AVENUE ~ SUITE 100
OXFORD, MISSISSIPPI 38655
(662) 236-2889 FACSIMILE (662) 234-0428

2510 14th STREET ~ SUITE 902
GULFPORT, MISSISSIPPI 39501
(228) 865-1202 FACSIMILE (228) 867-1907

OMODARE B. JUPITER
Federal Public Defender

First Assistant
ABBY BRUMLEY EDWARDS
Senior Litigator
MICHAEL L. SCOTT
Assistant Federal Public Defender
PRINCESS ABBY
Research & Writing Specialists
TOM C. TURNER
KIMBERLY G. GORE
CARMEN G. CASTILLA

Oxford
Assistant Federal Public Defenders
GREGORY S. PARK
M. SCOTT DAVIS
MERRILL K. NORDSTROM
Research & Writing Specialist
KIGER L. SIGH

Gulfport
Assistant Federal Public Defenders
ELLEN M. ALLRED
LEILANI L. TYNES
LAUREN R. HILLERY
Research & Writing Specialist
STACY L. FERRARO

June 7, 2023

Lyle W. Cayce, Clerk of the Court
600 S. Maestri Place
New Orleans, LA 70130

Re: *United States v. Daniels*, 22-60596

Dear Mr. Cayce:

This letter is electronically filed with the Court under the provisions of Rule 28(j) of the Federal Rules of Appellate Procedure. Rule 28(j) allows a party to supplement its appellate brief with case law that is rendered subsequent to the date of oral argument.

The parties appeared before the Court on June 5, 2023, for oral argument. On June 6, 2023, the Third Circuit Court of Appeals issued a precedential, *en banc* decision in *Range v. Attorney General United States of America*, Case No. 21-2835, 2023 WL 3833404 (3d Cir. June 6, 2023), finding that 18 U.S.C. § 922(g)(1) was unconstitutional as applied to the appellant. This opinion is persuasive and provides additional support for the following issues raised by the defense:

(1) The phrase "the people" should be interpreted broadly and consistently with the other Constitutional provisions that refer to "the people";

(2) Possession of a firearm is presumptively protected by the Second Amendment;

(3) Even if a firearm regulation is "presumptively lawful," it is subject to the historical tradition test;

(4) Broad categorical limitations on Second Amendment rights do not meet the requirements of *Bruen*'s historical tradition test. The Government must provide specific examples of historical analogues that rise to the level of a longstanding National tradition; and

(5) Decisions from district courts that do not follow the strictures of *Bruen* or whose analysis is limited by pre-*Bruen* circuit cases are not persuasive.

Should you require additional information, please feel free to contact me.

    Respectfully submitted,

    */s/ Kimberly Golden Gore*
    Kimberly Golden Gore (MS Bar # 100363)
    Research and Writing Specialist