

U.S. Department of Justice

United States Attorney
Southern District of Mississippi

*1575 Twentieth Avenue*           *Telephone: (228) 563-1560*
*Gulfport, Mississippi 39501*

VIA ELECTRONIC CASE FILING       September 18, 2024

Lyle W. Cayce, Clerk
United States Court of Appeals
    for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

       Re: <u>United States v. Daniels,</u> No. 22-60596: Supplemental Letter Brief

Dear Mr. Cayce:

      Per this Court's directive issued on September 13, 2024, this letter is to acknowledge this Court's recent decision in *United States v. Connelly,* No. 23-50312 (5th Cir. Aug. 23, 2024), decided last month. In *Connelly*, this Court held 18 U.S.C. § 922(g)(3) to be facially constitutional. However, the Court also found the statute unconstitutional as applied to Connelly, who according to this Court was a "non-violent, marijuana smoking gunowner." Op. at 1. *See also id*. at 2 (distinguishing "nonviolent, occasional users"); *id*. at 12 (describing Connelly as "a non-violent marijuana user"). The Court explained that Connelly "would at times smoke marijuana as a sleep aid and for anxiety." *Id*. at 3. Ultimately, the Court concluded that the Government's proffered historical analogues—which it characterized broadly as (1) laws disarming the mentally ill, (2) laws disarming "dangerous" individuals, and (3) intoxication laws—were "each" not sufficiently similar to Section 922(g)(3) as applied to Connelly. In reaching its as applied conclusion, the Court expressed concern about how an unlawful user could be defined, and the Court also pointed to the record's shortcomings in demonstrating how often and when Connelly last used marijuana.

While recognizing that one panel of this Court may not overrule another panel, the Government respectfully submits that *Connelly*'s as-applied rationale is incorrect based upon the Supreme Court's ruling in *Rahimi*. Specifically, the *Connelly* Court reduced its historical inquiry into a search for an individual analogue akin to a historical twin. Moreover, the facts of this case are distinguishable from *Connelly* for the reasons set forth below.

Here, Daniels admitted to routine drug use every other day up to the day before his arrest. ROA.483. Daniels's illegal drug use was not limited to his home. In fact, while driving in his vehicle and possessing firearms and marijuana, he was twice encountered by officers. ROA.210; ROA.199-201. One encounter occurred in March of 2022 and the other in April of 2022. During the second encounter, which led to his arrest, officers smelled burned marijuana and found burned marijuana remnants in Daniels's vehicle after the traffic stop. ROA.199-201; ROA.479. Daniels was the only person in the truck where the recently burned marijuana was found. ROA.199-200. Daniels's loaded handgun was between his seat and the center console. He also possessed a loaded assault style rifle in the back seat compartment. ROA.199. Daniels was on bond at the time of his gun offense for simple domestic violence, which prohibited his use of illegal drugs. ROA.474. Daniels admitted to being involved in multiple altercations, including shooting at another vehicle during his period of consistent marijuana use. ROA.478-79. Unlike Connelly, Daniels was hardly a "non-violent" occasional marijuana user.

Additionally, to return a guilty verdict, the jury was instructed that it must find that Daniels was "actively engaged in the use of controlled substance at the time he possessed the firearm." ROA.271. Therefore, as applied to Daniels, Section 922(g)(3) only implicates conduct that was already illegal and does not necessarily implicate the Second Amendment. Finally, the *Connelly* Court appeared to only consider the marijuana's users danger when actively intoxicated and did not address a marijuana user's potential for ongoing mental impairment and the dangers associated with the sale and purchase of marijuana. *See* Gov't Lt. Br. 6-9. *See also* Gov't Br. 32-38.

In sum, disarming a person like Daniels—who (1) was violent, (2) routinely engaged in illegal conduct in public by using illegal intoxicating drugs, (3) was engaged in such conduct during the time period he possessed a gun, (4) had his loaded guns within arm's reach while engaged in the illegal conduct (at a minimum possession of a controlled substance), and (5) was on bond for violent behavior while possessing guns and using drugs—is clearly consistent with this nation's history and tradition of

disarming the intoxicated, the mentally ill, the dangerous, those who engage in illegal conduct, such as going armed, and those who are subject to surety bonds.

For the foregoing reasons, the Government submits that *Connelly*'s as-applied result does not dictate the result in this case. Moreover, to the extent this Court disagrees, the Government preserves all of its arguments for the purpose of further review and/or appeal.

Respectfully,

TODD W. GEE
*United States Attorney*
*Southern District of Mississippi*

GAINES H. CLEVELAND
*Assistant U.S. Attorney*

By: /s/ *Jonathan D Buckner*
JONATHAN D. BUCKNER
*Assistant U.S. Attorney*

cc: Omodare Jupiter
Leilani Tynes
Kimberly Gore
Victoria Elizabeth McIntyre
*Federal Public Defender's Office*