# FEDERAL PUBLIC DEFENDER
## NORTHERN AND SOUTHERN DISTRICTS OF MISSISSIPPI

200 SOUTH LAMAR STREET ~ SUITE 200-N
JACKSON, MISSISSIPPI 39201
(601) 948-4284 FACSIMILE (601) 948-5510

1200 JEFFERSON AVENUE ~ SUITE 100
OXFORD, MISSISSIPPI 38655
(662) 236-2889 FACSIMILE (662) 234-0428

2510 14th STREET ~ SUITE 902
GULFPORT, MISSISSIPPI 39501
(228) 865-1202 FACSIMILE (228) 867-1907

OMODARE B. JUPITER
Federal Public Defender

First Assistant
ABBY BRUMLEY EDWARDS
Senior Litigator
MICHAEL L. SCOTT
Assistant Federal Public Defender
PRINCESS ABBY
Research & Writing Specialists
TOM C. TURNER
CARMEN G. CASTILLA
ALEXANDRA R. ROSENBLATT

Oxford
Assistant Federal Public Defenders
GREGORY S. PARK
M. SCOTT DAVIS
MERRILL K. NORDSTROM
Research & Writing Specialist
KIGER L. SIGH

Gulfport
Assistant Federal Public Defenders
LEILANI L. TYNES
CRAIG T. ROSE
Research & Writing Specialist
VICTORIA E. McINTYRE

September 23, 2024

Mr. Lyle W. Cayce
Clerk of the Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

  Re: *United States v. Daniels*, No. 22-60596 – Reply Letter Brief

Dear Mr. Cayce:

  The Government's approach violates the principles of the Supreme Court's decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), and *New York Rifle & Pistol Assn., Inc. v. Bruen*, 597 U.S. 1 (2022), by applying the "historical tradition" test at such a high level of generality that it renders the test meaningless. The Government's scant discussion of the law implicitly acknowledges that the Government cannot succeed in presenting historical analogues. *See* ECF 187, 2. It claims, without more, that "the *Connelly* Court reduced its historical inquiry into a search for an individual analogue akin to a historical twin." *Id.* Not so. *United States v. Connelly*, No. 23-50312, 2024 WL 3963874 (5th Cir. Aug. 28, 2024), faithfully applied the "how" and "why" analyses of the *Bruen* test against the historical analogues that the Government presented and concluded that 18 U.S.C. § 922(g)(3) was unconstitutional as applied. Like in *Connelly*, as applied to Mr. Daniels, the Government's proffered analogues do not support his disarmament.

  The Government's supplemental brief attempts to obfuscate the Supreme Court's Second Amendment framework and the burden imposed by *Connelly* by referencing alleged conduct not pertinent to a § 922(g)(3) conviction and its burden to present relevant historical analogues supporting the infringement upon Mr.

1

Daniels's Second Amendment right. Notably, the Government relies heavily upon the presence report (PSR) to attempt to distinguish Mr. Daniels from Ms. Connelly. Not only have these allegations not been proven to a jury beyond a reasonable doubt, but they have no bearing on the question at hand: whether the Government proffered historical analogues to support Mr. Daniels's disarmament. Even assuming, as this Court found in *Connelly*, that the proffered statutes "provide support for banning the *carry* of firearms *while actively intoxicated*," 2024 WL 3963874, at *9, the fact remains that the Government has not proven that Mr. Daniels was actively intoxicated at the time of the traffic stop when he was arrested.

In *Connelly*, this court distinguished between a person who is "actively intoxicated" and an "unlawful user": "While older laws' bans on 'carry' may be analogous to § 922(g)(3)'s ban on 'possession,' there is a substantial difference between an actively intoxicated person and an 'unlawful user' under § 922(g)(3)." *Id.* (cleaned up). While Mr. Daniels, like Ms. Connelly, admitted to being an "unlawful user" of marijuana, "we do not know how much [he] used at those times or when [he] last used, and there is no evidence that [he] was intoxicated at the time [he] was arrested." *Id.* at *10.

Although there were "partially burned marijuana joints or blunts" in Mr. Daniels vehicle at the time of his arrest, *see* ROA.447, there was no testimony or evidence adduced to determine when the marijuana had been smoked. As Mr. Daniels explained in his post-arrest interview, he had stopped smoking because he could not afford to keep the habit and had been living in his vehicle. ROA.447. During trial, the investigating agent admitted that he could not testify that Mr. Daniels was actively engaged in smoking marijuana, ROA.218, and there was no testimony establishing the frequency or recency of Mr. Daniels's marijuana use.

The Government apparently seeks to rely on more general traditions of disarming "dangerous" persons to attempt to render § 922(g)(3) constitutional as applied to Mr. Daniels. Yet, "the government has not shown how [Mr. Daniels's] marijuana use predisposes [him] to armed conflict or that []he has a history of drug-related violence." *Connelly*, 2024 WL 3963874, at *6. The Government presented no proof of violence to the jury, nor did it argue to this Court during the original appeal or in its original supplemental briefing that Mr. Daniels engaged in violence. Moreover, much of the Government's attempts to justify Mr. Daniels's disarmament now come from allegations in the PSR, which do not represent findings beyond a reasonable doubt.

Not only did the Government not submit any evidence that Mr. Daniels was under the influence at the time he was arrested under § 922(g)(3), but it likewise cannot present evidence that Mr. Daniels was under the influence of marijuana at the time of the two arrests referenced in its briefing.[1] Instead, the Government seeks to apply a broad, tenuous temporal nexus to Mr. Daniels case so that it can proceed under an unproven assumption that Mr. Daniels marijuana use equates to active intoxication whenever it serves the Government's interests—a "stunning" proposition specifically rejected in *Connelly*. 2024 WL 3963874, at *9.

The Government's apt description of *Connelly* rings true here: "the Court expressed concern about how an unlawful user could be defined, and the Court also pointed to the record's shortcomings in demonstrating how often and when Connelly last used marijuana." ECF 187, 1. Despite an understanding of the infirmities in Ms. Connelly's case, the Government does nothing to dispel the same shortcomings in its prosecution of Mr. Daniels. It offers only the same insufficient historical analogues without explaining how the *Connelly* Court's analysis is at odds with recent Supreme Court precedent. *See* ECF 187, 2. The Government has not met its "heavy burden." Mr. Daniels is entitled to the protections of the Second Amendment, and this Court should hold, as it did in *Connelly*, that § 922(g)(3) is unconstitutional as applied to him.

Respectfully submitted,

OMODARE B. JUPITER
Federal Public Defender

*/s/ Leilani L. Tynes*
LEILANI L. TYNES
Assistant Federal Public Defender

---

[1] Although not dispositive of this appeal, counsel notes that the Government presents an incomplete picture of Mr. Daniels's history. The incident involving shots fired occurred after Mr. Daniels and his girlfriend were pursued and almost run off the road by a vehicle driven by the girlfriend's ex-boyfriend. ROA.478. Mr. Daniels was not charged with assault or even with improperly discharging his firearm. Instead, Mr. Daniels was charged with reckless driving, which is not a violent offense. Moreover, that charge was passed to the file, bringing an end to that prosecution. ROA.479. *See Ross v. Milner*, 12 So. 2d 917, 919 (Miss. 1943) (noting that the disposition "passed to file" ends a prosecution, even though it is not a dismissal). Rather than painting a picture of violence, the reckless driving charge presents a case of self-defense, in which case, Mr. Daniels actions are protected by the Second Amendment. *See Bruen*, 597 U.S. at 8 (holding that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home.").

3

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2024, I electronically filed the foregoing Letter Brief with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Leilani Tynes*_____
LEILANI L. TYNES
Assistant Federal Public Defender